JUDGE OF PROBATE *v.* GRANT *& a.*

The neglect of a guardian to settle his account as required by Gen. St., c. 166, *s.* 13, for four years, does not release the sureties on his bond from liability for funds received by him as guardian after the expiration of four years.

DEBT, upon a probate bond signed by Grant as principal, and Sanders and Dow as sureties. On the 19th day of April, 1870, Grant was appointed guardian of two minors, and gave the bond in suit. Grant settled his account in the probate court at the June term, 1876, and never before. His sureties took no part in the settlement. The sureties defend against this suit upon the ground that the legal effect of not settling his account within four years was to vacate his appointment at the expiration of four years. The court having charged him on account of funds received after as well as before the expiration of four years, the foregoing facts are agreed upon for the purpose of determining the liability of the sureties on account of money coming into the guardian's hands after the expiration of four years.

*Hibbard*, for the plaintiff.

*Barnard & Barnard*, for the defendants.

CLARK, J. The guardian of a minor duly appointed continues in office " until the minor arrives at the age of twenty-one years, or until discharged." G. S., *c.* 166, *s.* 3. He is required to " give

bond to the judge of probate in a reasonable sum, with sufficient sureties, upon condition, among other things, faithfully to discharge his trust, and render, upon oath, a true and just account of his guardianship, when thereto required." G. S., *c.* 165, *s.* 2. "Such guardian, as often as once in three years, shall settle his guardian account, and if he neglect for four years to settle, his trust shall be revoked, and he shall not be again appointed guardian of the same minor." G. S., *c.* 166, *s.* 13.

This action is brought upon a guardian's bond to recover the amount found due from the guardian upon a settlement of his account in the probate court, and the sureties contend that by reason of the neglect of the guardian to settle his guardianship account for more than four years, they are discharged from liability for any funds coming to the hands of the guardian after that time. In other words, it is claimed that the neglect of the guardian to settle his account releases the sureties from further liability. Without determining the question whether the neglect of the guardian to settle terminates the guardianship without any action of the probate court, we think this is no defence. The undertaking and promise of a surety upon a guardian's bond is, that the guardian, among other things, will faithfully discharge his trust, and will render just and true accounts of his guardianship when by law required. He becomes surety for the purpose of enabling the guardian to take possession of the estate of the ward, and having by his contract of suretyship enabled the principal to assume the position of guardian, and thus obtain possession of the estate of the ward, he is estopped by the stipulations of his bond from alleging a discharge from his legal liability by reason of the neglect of the guardian to perform the legal duties, for the faithful performance of which the bond was given. Whatever may be the legal effect of the failure of the guardian to settle his account as required by the statute, the sureties cannot avail themselves of it as a defence against their liability on the bond. *Woodbury* v. *Hammond*, 54 Me. 332, 340; *Sage* v. *Hammonds*, 27 Gratt. 651.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.